# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD WAYNE MASON,<br><br>Plaintiff,<br><br>v.<br><br>CORIZON HEALTH CARE,<br><br>Defendant. | Case No. 1:18-cv-00676-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Edward Wayne Mason ("Plaintiff") is a county jail inmate proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. On January 3, 2019, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 8.) Plaintiff's first amended complaint, filed on February 27, 2019, is currently before the Court for screening. (ECF No. 11.)

**I.  Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

1

from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II. Plaintiff's Allegations**

Plaintiff is currently housed at the Fresno County Jail where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants: (1) Nurse Practitioner Watson; (2) Licensed Vocational Nurse M. Akioyame; (3) Registered Nurse Supervisor Dulces Gonzales; (4) Captain S. McComas; and (5) Sheriff Margaret Mims.

During all times relevant, Plaintiff was a pre-trial/pre-sentenced detainee in the Fresno County Detention Center. Plaintiff alleges a violation of his right to adequate medical care pursuant to the Fourteenth Amendment of the United States Constitution.

Plaintiff alleges that on or about November 25, 2017, Plaintiff was examined by Defendant Watson after complaining of constipation and abdominal pain. During the examination, Defendant Watson noted abdomen tenderness and a "small 2cm palp firmness superficial abdominal wall." (ECF No. 11 at 3.) Defendant Watson ordered ultrasound testing in order to rule out a hernia.

On December 8, 2017, an ultrasound was performed indicating an umbilical hernia.

On December 31, 2017, Plaintiff was again examined by Defendant Watson, who ordered

a stat x-ray. The x-ray was interpreted as indicating no obstruction of the bowel.

On January 10, 2018, Defendant Daniels examined Plaintiff and noted and umbilical hernia without obstruction or gangrene. Plaintiff was issued an abdominal belt.

On March 27, 2018, Plaintiff filed a grievance with the Sheriff's Officer complaining about the lack of adequate treatment, which resulted in extreme pain.

On or about April 11, 2018, Plaintiff informed Defendant Daniels of a Florida Civil Lawsuit and the instructions of the Court concerning the health care bulletin. Defendant Daniels responded to the information by submitting an order for abdominal x-ray and a consult with gastroenterology.

On February 18, 2018, Plaintiff was again examined regarding his continued pain, reporting that his hernia allowed intestines to pop out during moments of bending over and that the bulge/hernia went back in on its own. Defendant Watson examined Plaintiff with negative findings.

During this same period, Plaintiff alleges that he also suffered through Defendant Watson's inadequate medical care and was subjected to three different surgical procedures to remove an ingrown hair from Plaintiff's facial area. Plaintiff further alleges that Defendant Dulces Gonzales was a reviewing supervisor responsible for the supervision of Defendant Akioyame. Defendant Comas was responsible for ensuring that grievances and appeals decisions were in accordance with statutory and/or judicial law and rulings. Defendant Mims was responsible for the health and safety of all inmates incarcerated in the Fresno County Jail.

As relief, Plaintiff seeks compensatory and punitive damages, along with injunctive relief.

Exhibits Attached and Incorporated

According to exhibits attached to the complaint, Plaintiff had been seen several times for complaints of constipation and abdominal pain. He was first seen on November 25, 2017, by Defendant Watson. At that time, she noted that his abdomen was tender and small 2 cm palp firmness superficial abdominal wall, proximal and superior to the navel, otherwise no abnormalities. Defendant Watson did an order for an ultrasound to rule out hernia. The ultrasound on December 8, 2017, indicated that Plaintiff had an umbilical hernia. On December 31, 2018, Plaintiff again was seen by Defendant Watson for complaints of abdominal pain. A stat x-ray was ordered that showed no obstruction of the bowel. On January 4, 2018, Plaintiff was seen by PA

Daniels, who noted the umbilical hernia was without obstruction or gangrene. Plaintiff again was seen by PA Daniels on February 1, 2018, for abdominal pain and diagnosis of an umbilical hernia. Plaintiff reported that he felt like passing out when having a bowel movement. Plaintiff was treated for constipation. On February 18, 2018, Plaintiff was seen by Defendant Watson for complaints about his hernia, stating that it popped out with bending over and the bulge/hernia went back in on its own. Plaintiff also reported straining to have a bowel movement every 36 hours. Defendant Watson noted on examination that there were no palpable femoral hernias or inguinal hernias, no hernias with Plaintiff bending over, and no hernia with increased abdominal pressure with Plaintiff coughing. Defendant Watson also noted that Plaintiff was on medication for constipation. On March 13, 2018, Plaintiff was seen by PA Daniels. Plaintiff complained that he was not getting medication, but PA Daniels noted that Plaintiff was being non-compliant with ordered medication. (ECF No. 11 at 14.) On April 11, 2018, Plaintiff was seen by a nurse practitioner and approval was requested for GI consult for hernia and constipation. The request was cancelled on April 27, 2018 because abdominal x-ray result was normal. (Id. at 17.)

With respect to his ingrown hair, Plaintiff filed a grievance regarding complications resolving an ingrown hair located on the right side of his face. Plaintiff complained that between June 17, 2017, and January 10, 2018, his face had been sliced open three times and the area re-opened twice on its own. Plaintiff also alleged that an unidentified doctor reportedly butchered his face, and the subsequent attempts to correct it were to no avail. He also complained about not having his bandages changed on January 9, 2018. The grievance reportedly was sustained based on the failure to provide required daily treatment on two days in January 2018. (ECF No. 11 at 9-11.)

**III.    Discussion**

**A.    Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

4

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's amended complaint fails to adequately link Defendants Akioyame, Gonzales, McComas and Mims to any constitutional violation. There are no factual allegations in the complaint identifying what any of these defendants did or did not do that resulted in a violation of Plaintiff's constitutional rights. Plaintiff previously advised that factual allegations must linked to an individual defendant, but he has failed to cure this deficiency.

The Court acknowledges that the exhibits attached to the complaint identify Defendants Akioyame, Gonzales, and McComas as reviewers of his grievances, but there are no allegations against these individuals included in the amended complaint. Even if included, however, Plaintiff would not be able to state a cognizable claim against them, as explained below, based solely on their review of his grievances.

**B.     Supervisory Liability**

Insofar as Plaintiff is attempting to hold Defendants Akioyame, Gonzales, McComas and Mims liable based solely on their supervisory positions, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty, Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Plaintiff may also allege the supervisor "implemented a policy so deficient that the policy 'itself is a repudiation of

constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted).

Here, Plaintiff's amended complaint fails to allege that Defendants Akioyame, Gonzales, McComas and Mims participated in, directed or knew of any purported violation of Plaintiff's constitutional rights. Plaintiff's complaint also fails to allege that Defendants Akioyame, Gonzales, McComas and Mims implemented a policy so deficient that it was a repudiation of Plaintiff's rights and the moving force of any constitutional violation.

### C. Medical Care

Plaintiff was a pretrial detainee at the time of the events and omissions giving rise to his claims. A pretrial detainee's constitutional rights are addressed under the due process clause of the Fourteenth Amendment. Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1067–68 (9th Cir. 2016), cert. denied sub nom. Los Angeles Cty., Cal. v. Castro, 137 S. Ct. 831, 197 L. Ed. 2d 69 (2017). The elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. Gordon v. Cty. of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018). "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case." Id. (citations and internal quotations omitted).

At the pleading stage, Plaintiff's amended complaint fails to state a cognizable claim arising out of his medical care for either his hernia or his ingrown facial hair. According to the amended complaint and attached exhibits, Plaintiff received treatment for his hernia, including a hernia belt, x-rays, ultrasound, constipation medication, vitamins and supplements, and a special diet. Plaintiff's GI consult was cancelled, x-rays were reportedly normal. In short, Plaintiff's amended complaint fails to demonstrate that any defendant's conduct regarding his hernia was objectively

6

unreasonable.

As to Plaintiff's ingrown facial hair, the amended complaint lacks factual allegations to demonstrate that any defendant's conduct was objectively unreasonable. The exhibits attached to the complaint do not demonstrate that Plaintiff failed to receive treatment for his ingrown hair, only that the attempted care was ineffective and that he missed daily treatment only on two days. Plaintiff's amended complaint fails to demonstrate that any defendant's conduct regarding his ingrown hair was objectively unreasonable.

**D. Grievance**

Plaintiff may not pursue any claims against jail staff relating to the processing or review of his administrative inmate grievances/appeals. The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

**IV. Conclusion and Order**

Plaintiff's amended complaint fails to state a cognizable claim for relief. Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint. Further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to state a claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings"

on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 8, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE